IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BARBARA BURTON, on behalf of herself and others similarly situated,** ) | CASE NO. |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| v. ) | |
| ) | **CLASS AND COLLECTIVE ACTION** |
| **ALORICA, INC.** ) | **COMPLAINT** |
| ) | |
| Defendant. ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |

Plaintiff Barbara Burton, by and through the undersigned counsel, for her Class and Collective Action Complaint against Defendant Alorica, Inc. ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated. Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "FLSA Class").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. Plaintiff is an adult individual residing in Trumbull County, Ohio.

8. At all relevant times, Plaintiff and those similarly situated were employees within the meaning of the FLSA and the OMFWSA.

9. Defendant is a for-profit Delaware corporation that has its principal place of business in California. Defendant can be served through its Statutory Agent, Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

10. At all relevant times, Defendant conducted business in this judicial district.

11. At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

## FACTUAL ALLEGATIONS

15. Defendant is a customer service outsourcing company that operates call centers throughout the United States, including a call center in Niles, Ohio.

16. At all times material to this Complaint, Plaintiff worked as a customer service representative for Defendant in its Niles, Ohio call center.

17. Other similarly situated employees were employed by Defendant as customer service representatives at Defendant's call center.

18. Plaintiff and other similarly situated employees worked 40 or more hours per workweek.

19. Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and were paid on an hourly basis.

20. As a customer service representative, Plaintiff's job duties included receiving inbound calls from Defendant's customers.

21. Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including, but not limited to, starting,

booting up, and logging into Defendant's computer systems, numerous software applications, and phone systems.

22. By common policy and practice, Plaintiff and other similarly-situated employees were required to have their computers booted up and have several applications running before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

23. Defendant is aware of this uncompensated work, and trains its customer service representative employees to arrive at work 15 minutes early to perform this work.

24. Defendant nevertheless fails to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

25. Plaintiff estimates that she spent approximately 5-10 minutes per day booting up, starting and logging into Defendant's computer systems, numerous software applications, and phone systems.

26. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

27. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

28. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems, applications, and phone systems.

29. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

30. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly-situated employees. They cannot perform their work without booting up Defendant's computer systems, applications, and phone systems.

31. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated customer service representatives for starting and logging into Defendant's computer systems, numerous software applications, and phone systems, during which they performed work that managers and/or other agents and/or representatives observed.

32. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

33. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

34. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly-situated employees before clocking in each day.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of a class of similarly-situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

36. The class that Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former customer service representatives employed by Defendant within the State of Ohio at any time within the three years preceding the date that this Complaint was filed.**

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

38. The similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

39. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendant in Ohio within the last two years, defined as:

> **All current and former customer service representatives employed by Defendant within the State of Ohio any time within the two years preceding the date that this Complaint was filed.**

40. Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential class but, upon information and belief, avers that the class consists of 100 or more current and former employees.

41. There are questions of law or fact common to the class, including whether Defendant failed to pay its employees for their pre-shift activities and whether this practice resulted in the underpayment of overtime.

42. Plaintiff will adequately protect the interests of the class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the members of the class. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the class in this case.

43. The questions of law or fact that are common to the class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common to the class as a whole, and predominate over any questions affecting only individual class members.

44. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – FLSA)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

47. Defendant violated the FLSA by having a company-wide policy or practice of not paying Plaintiff and those similarly-situated to perform compensable pre-shift work.

48. Defendant further violated the FLSA with this company-wide policy or practice because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

49. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

50. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

51. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

52. As a result of Defendant's practices and policies, Plaintiff and the FLSA Class have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
**(Overtime Violations – Ohio Law)**

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

55. Defendant violated Ohio law by having a company-wide policy or practice of not paying Plaintiff and those similarly-situated to perform compensable pre-shift work.

56. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

57. As a result of Defendant's practices, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and all other similarly-situated employees, collectively prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff and all other similarly-situated employees;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Christopher J. Lalak*
Christopher J. Lalak (0090079)
1360 East Ninth Street
Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Email: clalak@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
       hans@ohlaborlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

>*/s/ Christopher J. Lalak*
>Christopher J. Lalak
>
>*Counsel for Plaintiff*